UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 11 C 7803 |
| | ) | |
| | ) | Judge Milton I. Shadur |
| V. | ) | |
| | ) | |
| FUNDS IN THE AMOUNT OF $574,840, et al., | ) ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| Stephen Unsworth and Rachel Pillsbury, | ) | |
| | ) | |
| Claimants. | ) | |

**UNITED STATES' RESPONSE TO CLAIMANTS' MOTION FOR STAY AND RENEWED MOTION TO STRIKE CLAIMS**

The United States of America, by Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, responds to claimants' motion to stay the civil forfeiture proceedings pursuant to 18 U.S.C. § 981(g)(2). Additionally, the government renews its motion to strike the "amended" claims of Unsworth and Pillsbury for (1) failure to establish Article III standing to contest the forfeiture action and, (2) failure to respond to the special interrogatories propounded to them. In support thereof, United States of America states as follows:

**Procedural Background**

On November 3, 2011, the United States commenced this civil forfeiture action against 5 distinct defendant funds. Dkt. # 1. On December 6, 2011, Unsworth filed a claim asserting "an ownership and possessory interest in, and the right to exercise dominion and control over, all or part of the defendant property." Dkt. # 7. On December 8, 2011, Pillsbury filed the identical claim. Dkt. # 11.

On December 9, 2011, the government served special interrogatories in order to obtain information from the claimants as to their asserted relationship to the funds. *See* Supplemental Rule G, Subdivision (6). Neither claimant has responded to the special interrogatories which were due no later than January 11, 2012. On January 5, 2012, the government filed a motion to strike the claims based, in part, upon the vague and conclusory nature of the claims, thus their failure to establish standing. Dkt. # 14.[1]

On January 11, 2012, the claimants filed "amended" claims, again asserting the same "an ownership and possessory interest in, and the right to exercise dominion and control over" the funds. This time, however, Unsworth, asserted interest in certain defendant funds: $574,840 in United States

---

[1] The government's motion also cited the claimants' failure to answer the complaint. Dkt. # 14 at 4-5. The motion was continued generally by this Court. Dkt. # 19, 24.

currency; $63,184 in United States currency and $2,000 in United States currency. Pillsbury asserted interest in the $574,840 in United States currency; $63,184 in United States currency, $856 in United States currency and $21,100 in United States currency. Dkt. #'s 20 and 23.

On January 11, 2012, both claimants filed a joint motion seeking a stay in the forfeiture proceedings pursuant to 18 U.S.C.§ 981(g)(2).

## Discussion

The government opposes the stay as both Unsworth and Pillsbury both continue in their failure to demonstrate Article III standing. Thus, they are not entitled to the stay. Additionally, the government seeks to strike the claims of Unsworth and Pillsbury for: (1) their failure to establish Article III standing; and (2) their failure to respond to the government's Rule G(6) Special Interrogatories directed specifically to their standing to contest this forfeiture proceeding.

**1.      Claimants again fail to demonstrate Article III standing.**

Te claimants have now addressed one of the issues in the government's initial motion to strike their claims by identifying the specific properties claimed (*See* Rule G(8)(C)(i)(A)). However, at the time, the government also moved to strike the claims for failure to demonstrate standing. *See* Rule G(8)(c)(i)(B). Both claimants still fail to demonstrate standing. Therefore, as discussed below, this Court should (1) deny a stay and (2) strike their claims for failure to answer

3

the special interrogatories.

It is well settled that a claimant bears the burden of establishing standing at this stage and can satisfy that burden by providing some evidence of ownership. *United States v. $487,825 in U.S. Currency*, 484 F.3d 662, 665 (3rd Cir. 2007)(claim deficient because it contained no description of claimant's interest in the property); *United States v. Lazarenko*, 476 F.3d 642, 650 (9th Cir. 2007)(to establish Article III standing, claimant must show that he has superior title that is not based upon the conjectural, hypothetical or abstract); *United States v. $39,557 in U.S. Currency*, 683 F. Supp.2d 335, 339 (D.N.J. 2010)(claim deficient because it contained only bald assertion of ownership); *United States v. $57,888.00 in U.S. Currency*, 2011 WL 2972106 (N.D. Ohio); *United States v. $101,000 in United States Currency*, 2011 WL 3563101(C.D.Ill.)(Article III standing is more demanding than statutory standing and mere assertion of ownership is not enough without more to establish standing).

However, Unsworth and Pillsbury assert nothing more than "ownership and/or possessory interest" in the funds. They provide no further information such as the source of the funds. In fact, some indicia of reliability or substance is necessary to show that the claimant is not merely a custodian or nominee to reduce the likelihood of false or frivolous claims. *United States v. 47 West 644 Route 38, Maple Park, Illinois*, 962 F. Supp. 1081, 1085-1086 (N.D.Ill. 1997).

Clearly, the "amended" claims add nothing to their standing. The "amended" claims continue to fall substantially short of establishing standing to contest the forfeiture of the funds.

**2.     Rule G(6) Special Interrogatories related to standing**

In order to flush out their bare assertions of possession and ownership, Rule G(6)(A) provides that, "[t]he government may serve special interrogatories which are designed to obtain information relevant to the claimant's standing to assert a claim. *United States v. $39,556, More or Less in U. S. Currency*, 2008 WL 2901318 at *2 (D. N. J.); *United States v. $101,000 in United States Currency*, 2011 WL 3563101 at *5 (C. D. Ill.). *See also* Advisory Committee Notes for Supplemental Rule G, Subdivision (6). Rule G(6)(a) provides that answers or objections must be served within 21 days after the interrogatories are served, and the government may seek to strike a claim for failure to respond to special interrogatories pursuant to Rule G(8)(c)(i)(A).

It is the claimants' burden to show some evidence of ownership. If the claimants refuse to answer the special interrogatories and fail to provide any evidence in support of assertion of ownership, this Court should strike their claims. *See United States v. $333,806.93 in Proceeds*, 2010 WL 3733932, at *1 (C.D. Cal.)(citing the Advisory Committee Notes to the Supplemental Rules as evidence that the "sufficiency of a claimant's responses to special interrogatories

under Rule G(6) should be evaluated using a 'more demanding' standard than that employed to determine eligibility for discovery sanctions under Rule 37 of the Federal Rules of Civil Procedure."); *United States v. $2,409 in U.S. Currency*, 2010 WL 2670982, at *1 (D. Md. )(striking claim for failing to respond to special interrogatories within 21 days); *United States v. $27,970.00 in U.S. Currency*, No. 1:09-139, 2010 WL 933762, at *1 (S.D.Ga.) (dismissing claim pursuant to Rule G(8)(c)(i)(A) two months after claimant failed to respond to special interrogatories).

Unsworth and Pillsbury have failed to comply with the 21 day rule and have simply ignored serving responses which were due January 11, 2012. Therefore, this Court should strike their claims.

**3.    Stay should be denied as claimants fail to demonstrate standing.**

A claimant may seek a stay of the civil forfeiture proceedings provided: (1) the claimant is subject to a related criminal case; (2) the claimant has standing to assert a claim in the civil forfeiture proceeding; and (3) the continuation of the civil forfeiture proceeding will burden the right of the claimant against self-incrimination in the related. 18 U.S.C. § 981(g)(2). The claimant must satisfy all three requirements for a stay to be issued. *United States v. $410,000.00 in United States Currency*, 2007 WL 4557647 at *3 (D. N. J.).

The government acknowledges that claimants can meet the first and third

elements but have not met the second, standing. As an example, both Unsworth and Pillsbury claim interest in the $574,840 in United States currency that was seized from a storage locker which was next to 17 pounds of marijuana. Verified Complaint at ¶'s 6, 17. Neither claimant has provided any evidence to support standing as it relates to the $574,840 in United States currency beyond their naked and unsupported assertions of ownership and possession. Therefore, they have not established Article III standing. *See United States v. $57,888.00 in U.S. Currency*, 2011 WL 2972106 at 3 (N.D. Ohio)(government's motion to strike claim granted based upon "naked" allegation of possession).

In *$410,000.00 in United States Currency*, claimants asserted that the mere filing of a claim *per se* conferred standing sufficient to seek a stay under 18 U.S.C § 981(g)(2). *$410,000.00 in United States Currency* at 3. The district court rejected the claimants' assertion and held the claimants, in addition to statutory standing, must make out a *prima facie* case of Article III standing in order to satisfy the elements of 18 U.S.C. § 981(g)(2)[2]. *Id*. at 4. There, claimants merely asserted a claim of ownership or that the money derived from legitimate business. *Id*. at 6. Here, Unsworth and Pillsbury to do even go that far as they fail to show any evidence of how they came into possession or ownership of the $574,840. In

---

[2] Unsworth and Pillsbury have arguably complied with statutory standing by merely filing their claims.

*$410,000.00 in United States Currency*, the district court concluded that without more evidence, claimants had not established Article III standing and were not entitled to the stay. *Id.* at 7.

Because Unsworth and Pillsbury have failed to establish Article III standing, they failed to meet the second element of 18 U.S.C. § 981(g)(2). Therefore, their motion for a stay should be denied.

## **Conclusion**

Wherefore, the United States requests that this Court strike the claims of Unsworth and Pillsbury, or in the alternative, deny the motion to stay pursuant to 18 U.S.C. § 981(g)(2) and require responses to the special interrogatories.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

By:   s/Daniel E. May
      DANIEL E. MAY
      Assistant United States Attorney
      219 South Dearborn Street
      Chicago, Illinois 60604
      (312) 353-8694

## **CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the *United States' Response to Claimants' Motion for Stay and Renewed Motion to Strike Claims* was served on February 13, 2012, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                          By:    s/ Daniel E. May
                                      DANIEL E. MAY
                                      Assistant United States Attorney
                                      219 South Dearborn Street
                                      Chicago, Illinois 60604
                                      (312) 353-5300