# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 11 C 7803 ) |
| **FUNDS IN THE AMOUNT OF $574,840**, et al., | ) ) ) |
| Defendants. | ) ) |
| **STEPHEN UNSWORTH** and **RACHEL PILLSBURY**, | ) ) ) ) |
| Claimants. | ) |

## MEMORANDUM OPINION AND ORDER

This action, launched by the United States' Verified Complaint for Forfeiture of five items of property -- funds in the amounts of $574,840, $63,184, $2,000, $856 and $21,100 -- has been at an impasse for months, ever since claimants Stephen Unsworth ("Unsworth") and Rachel Pillsbury ("Pillsbury") weighed in with their respective conclusory claims of possessory interest or ownership interest or both. When the government then promptly responded with a motion (Dkt. 14) to strike those claims (1) because of their asserted noncompliance with the Supplemental Rules to the Federal Rules of Civil Procedure[1] and (2) because of the claimants' asserted failure to establish their requisite Article III standing, both claimants retorted with a joint

---

[1] Rule G of those Supplemental Rules deals with in rem civil forfeiture actions and is cited here simply as "Rule G --."

motion of their own and a supporting memorandum of law (together Dkt. 21), seeking a stay of these proceedings pursuant to 18 U.S.C. § 981(g)(2) ("Section 981(g)(2)"), a motion triggered by the claimants' concerns as to criminal prosecutions brought against them in the Circuit Court of Cook County.

Since that time the parties have been embroiled in disputes that have effectively blocked this action from going forward. Both sides have urged their respective positions vigorously, with the intransigence of Unsworth's counsel (who has also served as lead counsel in actions taken jointly by the two claimants) having been the principal roadblock standing in the way of this Court's desire to resolve the Article III standing issue.

This Court has always been solicitous of the rights of litigants who are concerned lest their disclosures in civil litigation may rise up to prejudice then in criminal proceedings, either pending or impending. Thus, for example, it has slowed up the entire discovery process in 42 U.S.C. § 1983 lawsuits against certain police officers (those who have either been indicted or are the subject of criminal investigation) by adopting the device of staying the depositions of those officers. Such stays enable the officers to avoid their having to call upon the Fifth Amendment privilege against self-incrimination, a step that would give rise to adverse inferences in the civil action under the authority of <u>Baxter v. Palmigiano</u>, 425 U.S. 308 (1976).

Just so here. Attached to this memorandum opinion and order are this Court's oral statement of February 24, 2012 dealing with the subject (Ex. 1) and the March 14, 2012 protective order (Ex. 2) that was then issued (Dkt. 30). Unfortunately defense counsel then elected to frustrate the constructive purpose sought to be served by the entry of that order -- counsel provided largely nonconstructive nonresponses to the Special Interrogatories that were

propounded by the government under the mantle of insulation that the protective order sought to provide for the claimants. Thus, as the government has pointed out, the lead defense counsel (a California lawyer) advanced the same arguments in response to the government's Special Interrogatory 6 that he had recently urged unsuccessfully before the Ninth Circuit in another civil forfeiture action, <u>United States v. $133,420 in United States Currency</u>, 672 F.3d 629 (9th Cir. 2012) -- and he has provided much the same type of stonewalling in dealing with Special Interrogatories 3, 4, 5, 8 and 9.

 What has ensued has been a series of skirmishes marked by the government's motion to compel answers to those Special Interrogatories (Dkt. 34), followed by claimants' response to that motion, coupled with a renewed motion to stay this action pursuant to Section 981(g)(2) (Dkt. 37), and most recently by the government's renewed motion to strike claimants' claims (Dkt. 45) and then, late last month, by claimants' supplemental brief reasserting their legal position (Dkt. 48), this time coupled with their joint motion to suppress or quash the government's acquisition of the funds at issue here (Dkt. 49). All of this has stalemated the litigation.

 For months the claimants here have been in a position much akin to that of the contemnor who, having been placed in custody to induce his compliance with a performable court order that he has refused to honor, is metaphorically said to have the keys to his cell in his own pocket. With existing caselaw far from clear as to whether a claimant in a civil forfeiture proceeding under the circumstances of this case can establish the requisite Article III standing by his or her ipse dixit, and with this Court having the threshold obligation to make that finding before going on to the merits, it proposed to -- and did -- enter a protective order (as authorized by Section

981(g)(3)) to protect claimants' other vital interests even while they provided, under seal, the factual input that would enable this Court to rule on an informed basis.

As already discussed, that protective order was entered in March of this year. But claimants' counsel have stubbornly refused to respond to the government's Special Interrogatories (interrogatories authorized by Rule G(6)(a)), seeking to justify that refusal in material part by the same arguments that the same California lawyer had advanced and that were found wanting by the Ninth Circuit earlier this year. Patience has its limits -- resolution of the parties' impasse is past due.

This Court regrets the turn that matters have taken, especially given its efforts to protect the interest of the claimants while dealing with this forfeiture action. That level of regret extends to the claimants' most recent merits-related filing (Dkt. 49), as to which this Court expresses no substantive views because claimants' conduct has frustrated resolution of the Article III standing issue that must precede merits-related considerations.

## Conclusion

In sum, the government has been within its rights in posing its Special Interrogatories under Rule G(6) and in seeking to strike the claimants' filings under Rule G(8)(c). At this point this Court breaks the existing logjam (1) by granting the government's motions (Dkts. 14 and 45) to strike the Unsworth and Pillsbury claims and (2) by denying the claimants' last-referred-to motion (Dkt. 49), except the portion of that motion that seeks leave for its filing under seal,

which is granted.  Finally, a status hearing date is set for 8:45 a.m. September 12, 2012 to discuss what further proceedings are appropriate.

                                                      _____
                                                      Milton I. Shadur
                                                      Senior United States District Judge

Date:  August 30, 2012